## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

```
------------------------------------------------------x
In re:                                                 :    Case No. 17-17245 (AIH)
                                                       :
CHOWDER GAS AND STORAGE                                :    Chapter 11
FACILITY LLC                                           :
                                                       :    Judge Arthur I. Harris
           Debtor and                                  :
           Debtor-in-Possession.                       :
                                                       :
(Employer Tax I.D. No. 80-0227280)                     :
------------------------------------------------------x
In re:                                                 :    Case No. 17-17246 (AIH)
                                                       :
LAKE SHORE GAS STORAGE INC.                            :    Chapter 11
                                                       :
                                                       :    Judge Arthur I. Harris
           Debtor and                                  :
           Debtor-in-Possession.                       :
                                                       :
(Employer Tax I.D. No. 26-0385718)                     :
------------------------------------------------------x
```

### TRUSTEE'S MOTION FOR ENTRY OF AN ORDER (I) SETTING BAR DATE FOR FILING PROOFS OF CLAIM AND (II) APPROVING FORM AND MANNER OF BAR DATE NOTICE

Anthony J. DeGirolamo, chapter 11 trustee (the "Trustee") for the estates of debtors Chowder Gas and Storage Facility, LLC ("Chowder") and Lake Shore Gas Storage, Inc. ("Lake Shore" and together with Chowder, the "Debtors"), hereby moves the Court (the "Motion") for the entry of an order (i) setting deadlines for the filing of proofs of claim and (ii) approving the form and manner of notice and service thereof (the "Bar Date Notice"). In support of this Motion, the Trustee respectfully states as follows.

## BACKGROUND

1. On December 9, 2017 (the "Petition Date"), the Debtors commenced their reorganization cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2. The Debtors are 60% owners of approximately 140 oil and gas leases in Mahoning and Columbiana counties. The Debtors have divided their respective rights under the leases as follows: Chowder is the lessee under leases for rights above and below Lake Shore's rights in the leases under which it is the lessee in the area known as the Oriskany Formation, which functions as a gas storage field. There are no producing wells at the present time and the gas storage field has no gas beyond the minimum required to preserve the field.

3. The Debtors were in possession of their property and were operating and managing their businesses, as debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code, until entry of the Court's August 2, 2018 Marginal Order and August 8, 2018 Order Approving Selection of Trustee in Chapter 11 Case.[1]

## JURISDICTION; STATUTORY BASIS FOR RELIEF REQUESTED

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and venue of the Debtors' chapter 11 cases in this district and division are proper pursuant to 28 U.S.C. §§ 1408 and 1409 and Local Bankruptcy Rules.

5. The statutory bases for the relief requested herein reside in section 502(b)(9) of title 11 of the United States Code (the "Bankruptcy Code"), and rules 2002 and 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

---

[1] Respective docket numbers 105 and 109 in the Chowder case and 107 and 111 in the Lake Shore case.

## RELIEF REQUESTED AND REASONS THEREFOR

6. By this Motion, the Trustee seeks an order (i) establishing the bar dates for filing proofs of claim and (ii) approving the form and manner of service of the Bar Date Notice.

7. Bankruptcy Rule 3003(c)(3) provides that the Court shall fix the time within which Proofs of Claim may be filed. Further, Bankruptcy Rule 3003(c)(2) provides that any creditor whose claim (i) is not scheduled in the Debtors' schedules of assets and liabilities (collectively, the "Schedules"), or (ii) is scheduled as disputed, contingent, or unliquidated, must file a proof of claim by the bar date fixed by the Court. Bankruptcy Rule 3003(c)(2) also provides that "any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution." Fed. R. Bankr. P. 3003(c)(2).

8. Section 502(b)(9) of the Bankruptcy Code provides that a "claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the Federal Rules of Bankruptcy Procedure may provide." 11 U.S.C. § 502(b)(9). Bankruptcy Rule 2002(a)(7) requires that creditors be provided at least twenty-one (21) days' notice of the time fixed for filing Proofs of Claim (Bankruptcy Rule 2002(p)(2) requires at least thirty (30) days' notice to creditors with a foreign address).

9. The Trustee requests that the Court fix the date that is 30 days after the date of service of the Bar Date Notice for non-governmental persons and entities (the "Bar Date") and 180 days after service of the Bar Date Notice for governmental units (the "Governmental Bar Date" and together with the Bar Date, the "Bar Dates") as the deadlines by which any proof of claim (a "Proof of Claim") must be filed by all parties in interest that hold or allege to hold a "claim," as defined in Section 101(5) of the Bankruptcy Code (a "Claim"), against either Debtor that arose prior to the Petition Date.

10. The Debtors have filed with the Court their respective Schedules. An essential component of administration of the Debtors' cases is the Trustee's need to identify and to resolve issues surrounding the nature, amount, and status of all Claims asserted and that may be asserted against the Debtors and their estates.

11. The proposed Bar Date will give creditors a minimum of thirty (30) days within which to prepare and file their proofs of claim. A thirty-day period will be more than adequate in all but unusual circumstances, which can be addressed by individually requested extensions.

12. Accordingly, pursuant to Bankruptcy Rule 3003(c)(3), the Trustee requests entry of an order (the "Bar Date Order") fixing the Bar Date as the date by which all non-governmental holders of claims must, subject to the exceptions set forth below, file a Proof of Claim.

13. Similarly, the Trustee requests that Bar Date Order fix the Governmental Bar Date as the date by which all governmental units must, subject to the exceptions, file a Proof of Claim.

Exceptions to Need to File Proof of Claim

14. The Trustee submits that the requirement that a holder of a Claim must file a proof of Claim on or before the Bar Date should not extend to:

   (a) the Claim of any person who has already properly filed a Proof of Claim in these cases;

   (b) the Claim of any person whose Claim is listed in the Schedules and is not listed therein as contingent, unliquidated or disputed and who does not dispute the listed amount or characterization of their Claim.

   (c) Any holder of a Claim that has been allowed by Order of this Court entered on or before the applicable Bar Date; or

   (d) Any person or entity whose claim has been paid in full by the Debtors; or

4

17-17245-aih    Doc 116    FILED 08/14/18    ENTERED 08/14/18 13:59:35    Page 4 of 16

(e) Any holder of a Claim allowable under section 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense, provided, however, that holders of claims seeking allowance and priority under section 503(b)(9) of the Bankruptcy Code shall be required to file a Proof of Claim on or before the Bar Date.

15. For any person or entity whose Claim arises from or as a consequence of, the rejection of an executory contract or an unexpired lease after the entry of the Bar Date Order, the Trustee requests that such persons or entities be required to file a proof of Claim on or before the date that is thirty (30) days following service of notice of the order approving such rejection.

### Consequences of Failure to File Proof of Claim

16. As mentioned, Bankruptcy Rule 3003(c)(2) provides that any creditor whose claim is not scheduled or is scheduled as disputed, contingent, or unliquidated that fails to file a Proof of Claim by the Bar Date "shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution." Fed. R. Bankr. P. 3003(c)(2). Pursuant to Bankruptcy Rule 3003(c)(2), the Trustee requests that the Bar Date Order provide that (i) any holder of a Claim that is required to file a proof of Claim and fails to do so and (ii) any person or entity (a) whose Claim is not listed in the Schedules but who nonetheless is served with the Bar Date Notice or (b) whose Claim is scheduled in an incorrect amount or is scheduled as disputed, contingent, unliquidated or undetermined, and who fails to file a proof of Claim on or before the Bar Date, shall not be treated as a creditor with respect to such Claim and shall be forever barred, estopped and enjoined from asserting any Claim that such a person or entity possesses or may possess against the Debtors or receiving distributions on account thereof.

### **FORM AND MANNER OF BAR DATE NOTICE**

17. Pursuant to Bankruptcy Rules 2002(a)(7), (f), and (l), the Trustee proposes to provide notice of the applicable Bar Dates to the following via regular U.S. Mail, postage

prepaid: (a) The Office of the U.S. Trustee; (b) All parties who have requested notice of the proceedings in these chapter 11 cases as of the date of entry of an order in respect of this Motion; (c) All persons or entities that have filed claims against the Debtors in these chapter 11 cases as of the date of entry of an order in respect of this Motion; (d) All creditors and other known holders of claims as of the date of entry of an order in respect of this Motion, including all persons or entities listed in the Schedules as holdings claims; (e) All parties to executory contracts and unexpired leases of the Debtors not previously assumed and assigned; (f) All parties to pending litigation against the Debtors as of the date of entry of an order in respect of this Motion; (g) The Internal Revenue Service and all applicable Governmental Units; and (h) Such additional persons and entities deemed appropriate by the Trustee.

18. The Bar Date Notice explains, among other things, that on or before the applicable Bar Date, a holder of a Claim must file a proof of Claim with the Court, whether by U.S. Postal Service mail or overnight delivery, or by attorneys with access to the Court's Electronic Case File ("ECF") system. Proofs of Claim must conform substantially to Official Bankruptcy Form 410, a copy of which will be enclosed with the Bar Date Notice.[2]

19. The Trustee submits that the Bar Date Notice complies with the requirements of Bankruptcy Rule 2002. Accordingly, he requests that the Court approve the form of the Bar Date Notice attached hereto as <u>Exhibit A</u>.

20. In the event the Schedules are amended to (a) designate a Claim as disputed, contingent, unliquidated or undetermined, (b) change the amount of the Claim reflected therein, or (c) add a Claim which was not listed on the original Schedules, then, and in such event, the affected claimant will be notified of such amendment and the Trustee submits that such claimant

---

[2] Official Bankruptcy Form 410 can be found at www.uscourts.gov/forms/bankruptcy-forms, the Official Website for the United States Bankruptcy Courts. This Court's website also contains a link to the form at https://www.ohnb.uscourts.gov/content/national-forms.

should be granted thirty (30) days from the date of such notification within which to file a proof of Claim.

21. The Trustee reserves the right to object to the allowance of, or to dispute or to assert offsets or defenses against any Claim, whether evidenced by a filed proof of Claim or listed on the Schedules, or any amendment thereto, as to amount, liability, classification or otherwise, and to subsequently designate any Claim as disputed, contingent, unliquidated or undetermined.

## **NOTICE**

22. A copy of this Motion has been served on the Office of the United States Trustee. It has also been served on all parties registered to receive notice via the Court's ECF system and all parties who have requested notice of pleadings and filings in these cases. The Trustee submits, and he requests that any Order approving this Motion provide, that in light of the nature of the relief requested, such notice is sufficient and no other or further notice need be given.

23. Based on the foregoing, the Trustee submits that the relief requested herein is necessary and appropriate, is in the best interest of the Debtors' estates and creditors, and should be granted in all respects. A proposed Bar Date Order granting the relief requested herein will be separately submitted in accordance with the Court's Procedures Governing Submission of Proposed Orders.

WHEREFORE, the Trustee respectfully requests that the Court enter an order (i) establishing the Bar Dates; (ii) approving the form and manner of service of the Bar Date Notice; and (iii) granting such other and further relief as is just and proper.

Dated: August 14, 2018							Respectfully submitted,

/s/ Andrew Turscak, Jr.
Jeremy M. Campana (0074541)
Andrew L. Turscak, Jr. (0073851)
James J. Henderson (0084385)
THOMPSON HINE LLP
3900 Key Center, 127 Public Square
Cleveland, OH 44114
Phone: 216-566-5500
Fax: 216-566-5800
jeremy.campana@thompsonhine.com
andrew.turscak@thompsonhine.com
james.henderson@thompsonhine.com

*Proposed Counsel for Anthony J.
DeGirolamo, Chapter 11 Trustee*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Motion* and exhibit was served upon all parties registered to receive notice through the Court's ECF System or otherwise upon the parties listed below on August 14, 2018.

**ECF Service**

- Gregory P. Amend, on behalf of Creditor First National Bank of Pennsylvania, gamend@bdlaw.com, grichards@bdlaw.com
- Sherry Lynn Dahl, on behalf of Debtors Chowder Gas and Storage Facility LLC and Debtor Lake Shore Gas Storage Inc., sdahl@dahllawllc.com
- Matthew H. Matheney, on behalf of First National Bank of Pennsylvania, mmatheney@bdlaw.com, bhajduk@bdlaw.com
- William E. Schonberg Interested Party OCG Resources, LLC wschonberg@beneschlaw.com, docketEbeneschlaw.com, cgreen@beneschlaw.com, lbehra@beneschlaw.com
- Nathaniel R. Sinn, Creditor First National Bank of Pennsylvania, nsinn@bdlaw.com, kslatinsky@bdlaw.com
- Randolph L. Snow, on behalf of Bass Energy, Inc., Richard Petticrew Oil & Gas Trust, Jeffrey B Petticrew, Richard W Petticrew, Ball Resources, Inc., 5 Star, LLC, and William E. Blair Jr., rsnow@bmsa.com
- Gregory D. Swope, gswope@kwgd.com, mhelmick@kwgd.com
- Rachel L. Steinlage, on behalf of Zachary Burkons, rsteinlage@meyersroman.com, jray@meyersroman.com, mnowak@meyersroman.com, rbain@meyersroman.com
- United States Trustee (Registeredaddress)@usdoj.gov
- Maria D. Giannirakis, on behalf of U.S. Trustee, maria.d.giannirakis@usdoj.gov

**U.S. Mail Service**

| | |
|---|---|
| Cheryl A. Dragomir | Vasile T. Dragomir |
| 27147 Center Road | 27147 Center Road |
| Beloit, OH 44609 | Beloit, OH 44609 |

/s/ Andrew Turscak, Jr.
Jeremy M. Campana (0074541)
Andrew L. Turscak, Jr. (0073851)
James J. Henderson (0084385)
THOMPSON HINE LLP
3900 Key Center, 127 Public Square
Cleveland, OH 44114
Phone: 216-566-5500
Fax: 216-566-5800
jeremy.campana@thompsonhine.com
andrew.turscak@thompsonhine.com
james.henderson@thompsonhine.com

*Proposed Counsel for Anthony J. DeGirolamo, Chapter 11 Trustee*

**EXHIBIT A**

PROPOSED BAR DATE NOTICE

| | | |
|---|---|---|
| ------------------------------------------------------x | | |
| In re: | : | Case No. 17-17245 (AIH) |
| | : | |
| CHOWDER GAS AND STORAGE | : | Chapter 11 |
| FACILITY LLC | : | |
| | : | Judge Arthur I. Harris |
| Debtor and | : | |
| Debtor-in-Possession. | : | |
| | : | |
| (Employer Tax I.D. No. 80-0227280) | : | |
| ------------------------------------------------------x | | |
| In re: | : | Case No. 17-17246 (AIH) |
| | : | |
| LAKE SHORE GAS STORAGE INC. | : | Chapter 11 |
| | : | |
| | : | Judge Arthur I. Harris |
| Debtor and | : | |
| Debtor-in-Possession. | : | |
| | : | |
| (Employer Tax I.D. No. 26-0385718) | : | |
| ------------------------------------------------------x | | |

**NOTICE OF (A) REQUIREMENT FOR FILING PROOFS OF PREPETITION CLAIMS; AND (B) DEADLINE FOR FILING PROOFS OF PREPETITION CLAIMS AND <u>PROCEDURES IN CONNECTION THEREIN</u>**

**TO: ALL CREDITORS, PARTIES IN INTEREST AND ANY OTHER PERSON OR ENTITY ASSERTING OR ADVANCING A CLAIM AGAINST THE DEBTORS SET FORTH BELOW:**

| NAME OF DEBTOR | CASE NUMBER |
|---|---|
| Chowder Gas and Storage Facility, LLC | 17-17245 |
| Lake Shore Gas Storage, Inc. | 17-17246 |

On December 9, 2017 (the "Petition Date") Chowder Gas and Storage Facility, LLC and Lake Shore Gas Storage, Inc. (each a "Debtor" and collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

# BAR DATE

The United States Bankruptcy Court for the Northern District of Ohio, Eastern Division (the "Court"), has entered an order (the "Bar Date Order") setting **4:00 p.m. (Prevailing Eastern Time) on [THIRTY DAYS AFTER SERVICE OF NOTICE]** as the deadline (**the "Bar Date"**) for all non-governmental persons and entities, and **[180 DAYS AFTER SERVICE OF NOTICE]** as the deadline (the "**Governmental Bar Date**" and together with the Bar Date, the "**Bar Dates**") for all governmental units, to file a proof of any claim against either Debtor. The Bar Dates and the procedures set forth below for filing a proof of claim apply to all claims against the Debtors that arose before December 9, 2017 (a "Prepetition Claim").

# DEFINITIONS

Under section 101(5) of the Bankruptcy Code, and as used herein, a prepetition "Claim" means (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, legal, equitable, secured or unsecured, or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to remedy is reduced to judgment, fixed contingent, matured, unmatured, disputed, undisputed, secured or unsecured, that arose prior to the Petition Date.

# PREPETITION CLAIMS

### A. Who Must File Proof of Claim

You <u>must</u> file a proof of claim if you hold a Prepetition Claim, unless your Prepetition Claim is of a type described in Section B or C below.

### B. Who May File Proof of Claim

You may file a proof of claim, but you are not required to do so, if: (i) your Prepetition Claim is listed on the schedules of liabilities filed by the Debtors with the Bankruptcy Court or any amendment thereto (the "Schedules"); (ii) your Prepetition Claim is not listed in the Schedules as "disputed," "contingent," "unliquidated," or "undetermined;" and (iii) you agree that your Prepetition Claim has been accurately listed in the Schedules as to its classification and amount. You may inspect the Schedules at the Office of the Clerk, United States Bankruptcy Court, Howard M. Metzenbaum U.S. Courthouse, 201 Superior Avenue E, Cleveland, Ohio 44114, during normal business hours.

### C. Who Should Not File Proof of Claim

You should not file a proof of claim if: (i) the Court has already entered an order allowing your Prepetition Claim; (ii) you already have a properly filed proof of claim on file with the Court; or (iii) you do not have a Prepetition Claim against the Debtors.

THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A PREPETITION CLAIM OR THAT THE DEBTORS, THE TRUSTEE, OR THE COURT BELIEVE THAT YOU HAVE A CLAIM.

D. Executory Contracts and Unexpired Leases

For Prepetition Claims arising from, or as a consequence of, the rejection of an executory contract or unexpired lease after entry of the Bar Date Order, a proof of claim must be filed on or before the date that is thirty (30) days after service of notice of the order approving such rejection.

E. Where and When to File Proof of Claim

(1) Non-Governmental Persons and Entities

Proofs of claim of non-governmental persons and entities must be filed so as to be **received** on or before **4:00 p.m. (Prevailing Eastern Time)** on the Bar Date, [**30 DAY BAR DATE**], at the following address: Clerk of the Bankruptcy Court, Howard M. Metzenbaum U.S. Courthouse, 201 Superior Avenue, Cleveland, Ohio 44114-1235. Proofs of claim will be deemed filed only when actually **received** by the Court. If you wish to receive a file-stamped copy of your proof of claim, you must provide an additional copy of the proof of claim to the Clerk of the Court along with a self-addressed, postage paid return envelope.

Proofs of claim may not be delivered by facsimile, telecopy or electronic mail transmission. However, if your attorney has access to the Court's Case Management/Electronic Case File (CM/ECF) system, they may file it on your behalf on or before the Bar Date.

(2) Governmental Units

Proofs of claim of governmental units must be filed so as to be **received** on or before 4**:00 p.m. (Prevailing Eastern Time)** on the Governmental Bar Date, [**180 DAY BAR DATE**], at the following address: Clerk of the Bankruptcy Court, Howard M. Metzenbaum U.S. Courthouse, 201 Superior Avenue, Cleveland, Ohio 44114-1235. Proofs of claim will be deemed filed only when actually received by the Court. If you wish to receive a file-stamped copy of your proof of claim, you must provide an additional copy of the proof of claim to the Clerk of the Court along with a self-addressed, postage paid return envelope.

Proofs of claim may not be delivered by facsimile, telecopy or electronic mail transmission. However, if your attorney has access to the Court's Case Management/Electronic Case File (CM/ECF) system, they may file it on your behalf on or before the Bar Date.

F. What to File for Proof of Claim

If you file a proof of your Prepetition Claim, you should use the enclosed Proof of Claim form together with supporting documentation or a summary of your claim. Additional copies of the official Proof of Claim form are available for printing or download at

uscourts.gov/forms/bankruptcy-forms, the Official Website for the United States Bankruptcy Courts.

### FAILURE TO FILE A PROOF OF CLAIM

Except with respect to claims of the type set forth in paragraphs B and C above, any creditor who is required to, but fails to, file a proof of claim on or before the Bar Date for any Prepetition Claim against the Debtors, shall be forever barred, estopped and enjoined from asserting such Prepetition Claim or subsequently filing a Proof of Claim or other evidence with respect to such Prepetition Claim against the Debtors and their property. Persons or entities that fail to timely file proof of their Prepetition Claim shall not be permitted to participate in any distribution or receive payment in these chapter 11 cases on account of such Prepetition Claim or to receive further notices regarding such Prepetition Claim.

### ACCESS TO SCHEDULES

Copies of the Schedules may be examined and inspected by interested parties during regular business hours at the Office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court, Howard M. Metzenbaum U.S. Courthouse, 201 Superior Avenue, Cleveland, Ohio 44114. Copies of the Debtors' Schedules may also be obtained by written request to undersigned counsel at the mailing address or e-mail addresses shown below.

Creditors who wish to rely on the Schedules (or on the accompanying exhibits) shall have the responsibility for determining that their Prepetition Claims are accurately listed therein.

### ADDITIONAL INSTRUCTIONS

Your proof of claim form must not contain complete social security numbers or taxpayer identification numbers (only the last four digits), a complete birth date (only the year), the name of a minor (only the minor's initials), or a financial account number (only the last four digits of such account number).

Any holder of a claim that asserts a claim against both Debtors or asserts separate claims against each Debtor must file a separate proof of claim with respect to each such Debtor. Each holder of a claim must identify on its proof of claim the specific Debtor against which its claim is asserted and the case number of that Debtor's bankruptcy case. The Debtors and their respective case numbers are set forth above on the first page of this Notice.

ANY OTHER INQUIRIES SUCH AS WHETHER YOU SHOULD FILE A PROOF OF CLAIM OR TAKE ACTION WITH RESPECT TO YOUR PREPETITION CLAIM SHOULD BE DIRECTED TO YOUR OWN ATTORNEY. DO NOT CONTACT THE BANKRUPTCY COURT OR THE UNDERSIGNED COUNSEL REGARDING SUCH INQUIRIES.

| | |
|---|---|
| Dated: September [DATE], 2018 | Respectfully submitted, |
| | /s/ Andrew Turscak, Jr. |
| | Jeremy M. Campana (0074541) |
| | Andrew L. Turscak, Jr. (0073851) |
| | James J. Henderson (0084385) |
| | THOMPSON HINE LLP |
| | 3900 Key Center, 127 Public Square |
| | Cleveland, OH 44114 |
| | Phone: 216-566-5500 |
| | Fax: 216-566-5800 |
| | jeremy.campana@thompsonhine.com |
| | andrew.turscak@thompsonhine.com |
| | james.henderson@thompsonhine.com |
| | |
| | *Counsel for Anthony J. DeGirolamo, Chapter 11 Trustee* |

5