The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on October 10, 2018, which may be different from its entry on the record.

**IT IS SO ORDERED.**

**Dated: October 10, 2018**



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

------------------------------------------------------x
| | | |
|---|---|---|
| In re: | : | Case No. 17-17245 (AIH) |
| | : | (Jointly Administered) |
| CHOWDER GAS AND STORAGE | : | |
| FACILITY LLC | : | |
| | : | Chapter 11 |
| *et al.* | : | |
| | : | |
| Debtors.[1] | : | Judge Arthur I. Harris |
| | : | |

------------------------------------------------------x

**FINAL ORDER AUTHORIZING CHAPTER 11 TRUSTEE TO OBTAIN POST-PETITION FINANCING PURSUANT TO SECTION 364(b) OF THE BANKRUPTCY CODE AND SETTING FINAL HEARING THEREON**

This matter coming before the Court on the Motion of Anthony J. DeGirolamo, the duly appointed chapter 11 trustee (the "Trustee") for the jointly administered estates of the above-captioned debtors (the "Debtors") seeking a Final Order Authorizing the Trustee to Obtain Post-Petition Financing pursuant to sections 1106, 1108, and 364(b) of the Bankruptcy Code (Doc. 130, the "Motion"); and after an interim hearing on the Motion held on September 18, 2018 (the

---

[1] The Debtors are Chowder Gas and Storage Facility, LLC and Lake Shore Gas Storage, Inc.

"Interim Hearing"), and consideration of the Motion and the statements made by parties in interest at the Interim Hearing; and this Court having previously entered an order (Doc. 137, the "Interim Order") approving the Motion on an interim basis; and no objection or other response to the Motion having been filed or received; the Court hereby makes these following findings of fact and conclusions of law: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) service of the Motion and notice of the final hearing on the Motion, which was scheduled for October 2, 2018 (the "Final Hearing") was sufficient under the circumstances and any requirement for other or further notice shall be, and it hereby is, dispensed with and waived; (d) the Court, having been asked by the Trustee to consider the Motion made under section 364(b) of the Bankruptcy Code and Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure, is authorized to enter final judgment and this Final Order (the "Final Order") constitutes the Court's findings of fact and conclusions of law under Bankruptcy Rule 7052; and (e) the Court having considered the legal and factual bases set forth in the Motion, determines that just cause has been shown for the relief granted herein, and accordingly, the Motion shall be, and hereby is, GRANTED to the extent provided herein, and the Court hereby finds as follows:

1. Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

2. On December 9, 2017 (the "Petition Date"), the Debtors commenced their reorganization cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

3. The Debtors were in possession of their property and were operating and managing their businesses, as debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code, until entry of the Court's August 2, 2018 Marginal Order and August 8, 2018 Order Approving Selection of Trustee in Chapter 11 Case. (Docket Nos. 105 and 109).

4. The Trustee has substantially complied with Federal Rule of Bankruptcy Procedure 4001(c) and no further disclosure or compliance is necessary pursuant to the rule under the circumstances.

5. Zachary B. Burkons, the duly appointed receiver over the real and personal property of Orwell-Trumbell Pipeline Co., LLC (the "Receiver"), has agreed to provide post-petition financing to the Trustee as provided in this Final Order.

6. Financing efforts with First National Bank of Pennsylvania were not successful and the Receiver is willing to provide unsecured financing on a priority administrative expense basis without any other conditions.

7. The Trustee Financing has been negotiated in good faith and at arm's length between the Trustee and the Receiver, and any credit extended and loans made to the Trustee pursuant to this Final Order are deemed to have been extended or made in good faith within the meaning of section 364(e) of the Bankruptcy Code.

8. The relief requested in the Motion is necessary, essential, and appropriate for the continued maintenance and preservation of the Debtors' assets and is in the best interests of the Debtors' estates and creditors.

9. Having determined the above, this Court hereby grants the Trustee authority to obtain the Trustee Financing as described in the Motion.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:**

A. The Trustee is authorized to obtain the Trustee Financing from the Receiver on the following terms: (i) the Receiver shall make a single advance of $50,000.00 to the Trustee; (ii) the Trustee is not obligated to make any payments to the Receiver until the closing of a sale of substantially all of the Debtors' assets; (iii) the Trustee Financing shall accrue simple interest at six percent (6%) per annum commencing on the date the Trustee receives the funds; and (iv) such indebtedness shall be granted priority administrative expense status under sections 364(b) and 503(b) of the Bankruptcy Code.

B. The Trustee may use the proceeds of the financing made by the Receiver for the purposes specifically set forth in the Motion and this Final Order unless otherwise agreed by the Receiver in writing. The Trustee is hereby authorized and directed to perform all acts, and execute and comply with the terms of such other documents, instruments and agreements in addition to this Final Order as the Receiver may reasonably require as evidence of and for the protection of the post-petition indebtedness or which may be otherwise deemed necessary or advisable by the Receiver to effectuate the terms and conditions of this Final Order, each of such documents, instruments, and agreements being included in the definition of "Final Order" contained herein.

C. All post-petition loans, advances and other financial accommodations by the Receiver are made in reliance on this Final Order.

D. The provisions of this Final Order shall inure to the benefit of the Trustee and the Receiver and shall be binding upon the Trustee and the Receiver and their respective successors and assigns, including any trustee or other fiduciary hereafter appointed as a legal representative of the Debtors or with respect to property of the estates of the Trustee, whether under chapter 11

of the Bankruptcy Code or any subsequent chapter 7 case, and shall also be binding upon the United States Trustee, all creditors of the Trustee, and other parties in interest.

E. If any or all of the provisions of this Final Order are hereafter modified, vacated or stayed, such modification, vacation or stay shall not affect the validity of any obligation, indebtedness or liability incurred by the Trustee to the Receiver prior to the effective date of such modification, vacation or stay (including, without limitation, the post-petition indebtedness). Notwithstanding any such modification, vacation or stay, any indebtedness, obligations or liabilities incurred by the Trustee to the Receiver prior to the effective date of such modification, vacation or stay (including, without limitation, the post-petition indebtedness), shall be governed in all respects by the original provisions of this Final Order, and the Receiver shall be entitled to all the rights, remedies, privileges and benefits granted herein with respect to all such indebtedness, obligations or liabilities. Unless an order confirming a plan of reorganization provides otherwise, the obligations, indebtedness or liability of the Trustee to the Receiver under this Final Order (including, without limitation, the post-petition indebtedness) shall not be discharged by the entry of an order confirming a plan of reorganization(s) in the Debtors' chapter 11 cases and, pursuant to section 1141(d)(4) of the Bankruptcy Code, unless and until all indebtedness is paid in full in cash prior to or concurrently with the entry of such order.

F. Any obligations or duties of the Trustee set forth in this Final Order shall be binding upon and enforceable against any agent retained by the Trustee to perform such obligations or duties; <u>provided</u>, <u>however</u>, that neither the retention by the Trustee of an agent for the purpose of performing any such obligations or duties nor the failure of any such agent to punctually and faithfully perform any such obligations or duties shall relieve or discharge the Trustee from the punctual and faithful performance thereof.

G. The terms of the financing arrangements between the Trustee and the Receiver set forth herein have been negotiated in good faith and at arms' length between the Trustee and the Receiver and any loans, advances or other financial and credit accommodations which are made or caused to be made to the Trustee by the Receiver are deemed to have been extended in good faith, as the term "good faith" is used in section 364(e) of the Bankruptcy Code, and shall be entitled to the full protection of section 364(e) of the Bankruptcy Code in the event that this Final Order or any provision hereof is vacated, reversed or modified, on appeal or otherwise.

H. The following parties shall immediately, and in no event later than three (3) days after the entry of this Final Order, be mailed copies of this Final Order if not otherwise received through the Court's ECF filing system: (a) the Office of the United States Trustee, (b) First National Bank of Pennsylvania, (c) the Receiver, and (d) all parties in interest that have filed requests for notice in these chapter 11 cases. Except as otherwise provided in this paragraph, the terms of this Final Order shall be valid and binding upon the Trustee, all creditors of Debtors and all other parties in interest from and after the date of this Final Order by this Court. In the event this Court modifies any of the provisions of this Final Order following such further hearing, such modifications shall not affect the rights and priorities of the Receiver pursuant to this Final Order with respect to the priority claim, and any portion of the post-petition indebtedness which arises, or is incurred or is advanced prior to such modifications (or otherwise arising prior to such modifications), and this Final Order shall remain in full force and effect except as specifically amended or modified at such final hearing.

# # #

Prepared By:

/s/ James J. Henderson
Jeremy M. Campana (0074541)
Andrew L. Turscak, Jr. (0073851)
James J. Henderson (0084385)
THOMPSON HINE LLP
3900 Key Center, 127 Public Square
Cleveland, OH 44114
Phone: 216-566-5500
Fax: 216-566-5800
jeremy.campana@thompsonhine.com
andrew.turscak@thompsonhine.com
james.henderson@thompsonhine.com

*Counsel for Anthony J. DeGirolamo,
Chapter 11 Trustee*

**ECF Service**

- Gregory P. Amend, on behalf of Creditor First National Bank of Pennsylvania, gamend@bdlaw.com, grichards@bdlaw.com
- Matthew H. Matheney, on behalf of First National Bank of Pennsylvania, mmatheney@bdlaw.com, bhajduk@bdlaw.com
- Nathaniel R. Sinn, on behalf of First National Bank of Pennsylvania, nsinn@bdlaw.com, kslatinsky@bdlaw.com
- Sherry Lynn Dahl, on behalf of Debtors Chowder Gas and Storage Facility LLC and Debtor Lake Shore Gas Storage Inc., sdahl@dahllawllc.com
- William E. Schonberg Interested Party OCG Resources, LLC wschonberg@beneschlaw.com, docketEbeneschlaw.com, cgreen@beneschlaw.com, lbehra@beneschlaw.com
- Randolph L. Snow, on behalf of Bass Energy, Inc., Richard Petticrew Oil & Gas Trust, Jeffrey B Petticrew, Richard W Petticrew, Ball Resources, Inc., 5 Star, LLC, and William E. Blair Jr., rsnow@bmsa.com
- Gregory D. Swope, gswope@kwgd.com, mhelmick@kwgd.com
- Rachel L. Steinlage, on behalf of Zachary Burkons, rsteinlage@meyersroman.com, jray@meyersroman.com, mnowak@meyersroman.com, rbain@meyersroman.com
- United States Trustee (Registeredaddress)@usdoj.gov
- Maria D. Giannirakis, on behalf of U.S. Trustee, maria.d.giannirakis@usdoj.gov

**Copies to (Via U.S. Mail)**

Cheryl A. Dragomir
27147 Center Road
Beloit, OH 44609

Vasile T. Dragomir
27147 Center Road
Beloit, OH 44609

Russell Phillips
3924 Cleveland Avenue NW
Canton, OH 44709

Anthony J. DeGirolamo
3930 Fulton Drive NW, Suite 100B
Canton, OH 44718