**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on July 18, 2019, which may be different from its entry on the record.**

**IT IS SO ORDERED.**

**Dated: July 18, 2019**



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| In re: | Case No. 17-17245 (AIH) (Jointly Administered) |
| CHOWDER GAS STORAGE FACILITY, LLC, *et al.*[1] | Chapter 11 |
| Debtors. | Judge Arthur I. Harris |

**ORDER APPROVING THE SALE, ASSUMPTION AND ASSIGNMENT
OF OIL AND GAS LEASES FREE AND CLEAR
OF ALL LIENS, CLAIMS AND ENCUMBRANCES**

This matter having come before the Court on the motion (Doc. 175) (the "Sale Motion") of Anthony J. DeGirolamo, the duly-appointed chapter 11 trustee (the "Trustee") for Chowder Gas Storage Facility, LLC ("Chowder") and Lake Shore Gas Storage, Inc. ("Lake Shore" and together with Chowder, the "Debtors"), pursuant to sections 105, 363, and 365 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004, 6006, and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an Order Approving the Assumption and Assignment of Oil and Gas Leases and the Sale of Substantially all of the

---

[1] The Debtors are Chowder Gas Storage Facility, LLC and Lake Shore Gas Storage, Inc.

Debtors' Assets Free and Clear of all Liens, Claims and Encumbrances; and the Court having conducted a hearing to consider the Sale Motion on July 16, 2019 (the "Sale Hearing"), at which time all interested parties were offered an opportunity to be heard with respect to the Sale Motion; and the Court having reviewed and considered, among other things, (i) the Sale Motion and the exhibits thereto; (ii) the purchase agreements between the Trustee and The Blair Group[1] and the Trustee and OCG Resources, LLC ("OCG") as filed with the Court and attached to the *Notice of Successful Bidders at the Public Auction of the Debtors' Oil and Gas Assets* (Doc. 197); (iii) the representations of the Trustee's counsel and counsel for the United States Trustee made at the Sale Hearing, and (iv) the Court being advised that OCG's counsel notified Trustee's counsel that it will not proceed with closing on its Purchase Agreement and will forfeit its $1,000 deposit; and due and proper notice of the Sale Motion and the form of this Order (the "Sale Order") having been provided; and the Objection of the State of Ohio (Doc. 196, the "ODNR Objection") being resolved as stated on the record at the time of the hearing and set forth herein and there being no other objections filed or otherwise interposed; and certain capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Sale Motion; and it appearing that the relief granted herein is in the best interests of the Debtors, their estates and creditors, and all parties in interest in these chapter 11 cases; and upon the record of the Sale Hearing and these chapter 11 cases; and after due deliberation thereon; and good cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A.   **Fed. R. Bankr. P. 7052.**  The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 made

---

[1] The Blair Group consists of the following individuals and entities: William E. Blair, Richard W. Petticrew, Jeffrey B. Petticrew, C. Richard Petticrew Oil & Gas Trust, Ball Resources, Inc., 5 Star, LLC and Bass Energy, Inc.

2

applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.     **Jurisdiction and Venue.**  This Court has jurisdiction to decide the Sale Motion pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b).  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue of these chapter 11 cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.  The Court has constitutional authority to enter a final judgment in this proceeding.

C.     **Statutory and Rule Predicates.**  The statutory and other legal predicates for the relief granted herein are sections 105(a), 363, and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006, and 9007.

D.     **Bankruptcy, Appointment of Trustee, Assumption of Leases, Bid Procedures, Auction**.  On December 9, 2017, the Debtors voluntarily initiated these chapter 11 proceedings.  Pursuant to Order dated August 8, 2018 (Doc. 109), the Trustee was appointed and has been managing the Debtors' businesses and properties.  Pursuant to Order dated August 13, 2018 (Doc. 112, the "Assumption Order"), the Trustee was authorized to assume the Leases effective as of July 7, 2018.  The Assumption Order also expressly preserved the right of the Debtors (now the Trustee) to assign the Leases.  Pursuant to Order dated November 29, 2018 (Doc. No. 153), the Trustee retained Copper Run Capital LLC as investment banker to market the Debtors' Assets, which marketing process commenced in October 18, 2018 and has continued to date.  Pursuant to Order dated June 4, 2019 (Doc. 182, the "Bid Procedures Order"), the Court approved the Trustee's proposed bid and auction procedures.  Further pursuant to the Bid Procedures Order, the Trustee conducted an auction (the "Auction") on July 2, 2019, at

3

which Auction he designated Buyers as the Successful Bidders and OCG as the successful back-up bidder. In the event The Blair Group ("<u>Buyer</u>") does not consummate its purchase agreement (the "<u>Purchase Agreement</u>"), the Leases shall be sold and assigned to OCG as the successful back-up bidder for $300,000. Counsel for OCG has since notified counsel for the Trustee that OCG will not be closing on its purchase agreement for the Lake Shore Assets and will forfeit the $1,000 deposit.

E. **<u>Opportunity to Object</u>.** A fair and reasonable opportunity to object to, and be heard with respect to, the Auction, the Sale Motion and the Sale Hearing, and the assignment of the Leases, has been given to all parties who previously expressed an interest in bidding on the Debtors' Assets and other parties known to be potentially interested in bidding at the Auction, as well as all parties entitled to notice, including, without limitation, the following: (i) all parties who receive electronic notifications through the Court's ECF system, and all parties requesting notice, which include the office of the United States Trustee and counsel for First National Bank of Pennsylvania, which asserts a first priority security interest in the assets of Lake Shore and the shallow rights to the Leases of Chowder, (ii) all creditors who are scheduled or filed proofs of claim in the Debtors' cases, (iii) all known lessors under the Leases, (iv) all taxing authorities and other governmental units who may have an interest in the Assets; and (v) all parties, if any, known to the Debtors to have asserted any Liens (as defined below) or other interests against the Assets or that may have a right to file such Liens or other interests against the Assets (collectively, the "<u>Notice Parties</u>").

F. **<u>Final Order</u>.** This Sale Order constitutes a final order within the meaning of 28 U.S.C. § 158(a).

G.  **Sound Business Purpose.**  The Trustee has demonstrated good, sufficient, and sound business purposes and justifications for approval of and entering into the Purchase Agreement.  The Purchase Agreement, and the Trustee's entry into and performance thereunder, (i) constitutes a sound and reasonable exercise of the Trustee's business judgment consistent with his fiduciary duties, (ii) provides value to and is beneficial to the Chowder estate, and is in the best interests of Chowder and its estate, creditors, and other parties in interest, and (iii) is reasonable and appropriate under the circumstances.  Business justifications for the sale include, without limitation, the following:  (i) the Purchase Agreement constitutes the highest or otherwise best offer available for the Leases; (ii) the Purchase Agreement presents the best opportunity to maximize the value of the Leases and to avoid deterioration in the value of thereof; (iii) unless the sale and all of the other transactions contemplated by the Purchase Agreement is approved, recoveries to creditors will be materially diminished; (iv) the sale will permit The Blair Group to exercise its rights and interests in the Leases pursuant to the terms thereof;  (v) the value of the Chowder estate will be maximized through the transaction effectuated pursuant to the Purchase Agreement.

H.  **Arm's-Length Sale; Fair Consideration.**  The consideration to be paid by Buyer under the Purchase Agreement was negotiated at arm's-length and constitutes reasonably equivalent value and fair and adequate consideration for the Leases.  The terms and conditions set forth in the Purchase Agreement are fair and reasonable under these circumstances and were not entered into for the purpose of, nor do they have the effect of, hindering, delaying, or defrauding Chowder or its creditors under any applicable laws.

I.  **No Successor or Other Derivative Liability.**  Buyer is not, nor will be, a mere continuation, alter ego, or successor in interest, and Buyer is not holding itself out as a mere

5

continuation, alter ego, or successor in interest of the Chowder estate, and there is no continuity in ownership between Buyer and the Trustee or Chowder. The proposed sale does not amount to a consolidation, merger, or *de facto* merger of Buyer and Chowder. Buyer is not a successor to the Trustee, Chowder or its estate.

       **J.**     **<u>Good Faith</u>.** The Trustee and Buyer, and each of their respective management, boards of directors, members, officers, directors, employees, agents, representatives, and professionals, as applicable, acted in good faith. The Purchase Agreement, and the transaction contemplated therein, was negotiated, proposed, and entered into by the Trustee and Buyer in good faith, without collusion or fraud, and from arm's-length bargaining positions. Buyer is "good faith purchaser" within the meaning of section 363(m) of the Bankruptcy Code, and, as such, is entitled to all of the protections afforded thereby in the event that this Sale Order is modified, amended, vacated, or reversed by a subsequent order of the Court or any other court on appeal. No such appeal, modification, amendment, or vacatur shall affect the validity and enforcement of the sale or the liens or priority authorized or created under the Purchase Agreement or this Sale Order. Neither the Trustee, Chowder nor Buyer has engaged in any conduct that would prevent the application of section 363(m) of the Bankruptcy Code. The Trustee and the Debtor, as applicable, were free to deal with any other party interested in buying some or all of the Leases. Buyer has not acted in a collusive manner with any party. Buyer's payment of amounts owing under the Purchase Agreement is in good faith and for valid business purposes and uses. Buyer is not an "insider" of Chowder, as that term is defined in section 101 of the Bankruptcy Code, and no common identity of incorporators, directors, or controlling stockholders exists between Buyer and Chowder.

K. **Notice.** Proper, timely, adequate, and sufficient notice of the Sale Motion and the Sale Hearing has been provided in accordance to the Notice Parties with sections 102(1), 105(a), and 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 4001, 6004, and 9007, the Local Rules for the United States Bankruptcy Court for the Northern District of Ohio, and in compliance with orders and determinations of the Court. As evidenced by the certificate of service filed with the Court: (i) proper, timely, adequate, and sufficient notice of the Auction, the Sale Motion, the Sale Hearing and the sale transactions, the assumption and assignment of the Leases, and entry of this Sale Order was provided by the Trustee; (ii) such notice was good, sufficient, and appropriate under the circumstances and complied with the Bankruptcy Code, Bankruptcy Rules and orders of the Court; and (iii) no other or further notice of the Sale Motion, the sale transactions, the Sale Hearing, the assignment of the Leases, or this Sale Order is required.

L. **Assumption and Assignment Procedures; Cures.** The procedures for assumption and assignment of the Leases, and for parties to register objections to assumption and assignment and establishment of cure amounts, if any, that are owed under the Leases, were appropriate and gave all counterparties to such Leases all necessary due process protections, including the fair and full right to dispute the relevant cure amount as well as to oppose the proposed assumption and assignment. As evidenced by the certificates of service filed with the Court, the Trustee served, prior to the Sale Hearing, notices of the Debtors' intent to assign the Leases and of the related proposed cure costs, if any, upon each non-Debtor counterparty to the Leases. The service of the notice was good, sufficient, and appropriate under the circumstances, and no further notice was required to be given with respect to any cure costs for the assignment of the Leases. All non-debtor parties to the Leases had a reasonable opportunity to object both to the cure costs listed on such notices as well as to the adequate assurance of future performance

7

under the Leases proposed to be assigned to Buyer. Accordingly, all non-Debtor parties to the Leases who did not file an objection to the cure costs or the requirement of adequate assurance of future performance under the Leases are deemed to have consented to such amounts and assurances in connection with the assignment by the Trustee of such Lease to Buyer.

**M.** **Satisfaction of Section 363(f) Standards.** The conditions of section 363(f) of the Bankruptcy Code have been satisfied in full because, among other things, First National Bank of Pennsylvania consents to the sale of the Leases free and clear of its Lien interests (as applicable to the shallow rights) and no other Liens encumber Chowder's assets. In addition, any and all parties with an interest in the Debtors' Assets were served with the Sale Motion and have failed to object, with such lack of objection being considered consent to the sale. Therefore, the requirements of section 363(f) are met and Trustee may sell the Assets and assign the Leases free and clear of any lien, claim, encumbrance, or interest (collectively, "Liens") in such property to the fullest extent of the law.

**N.** **Bankruptcy Code and Sale Order**. But for the protections afforded to Buyer under the Bankruptcy Code and this Sale Order, Buyer would not have offered to pay the consideration contemplated in the Purchase Agreement, would not have entered into the Purchase Agreement, and would not consummate the transactions contemplated thereby, thus materially and adversely affecting Chowder, its estate, and its creditors, if the sale and assignment of the Leases is not free and clear of all Liens, or if Buyer would, or in the future could, be liable for any such Liens.

**O.** **Reliance on Sale Order Protections**. The total consideration to be provided under the Purchase Agreement reflects Buyer's reliance on this Sale Order to provide, pursuant

8

to sections 105(a) and 363(f) of the Bankruptcy Code, that upon the closing, Buyer has title to and possession of the Leases free and clear of all Liens.

        P.     **Assumption and Assignment of Assumed Leases.**   The assumption and assignment of the Leases is integral to the Purchase Agreement, is in the best interests of Chowder and its estate, and represents the reasonable exercise of the Trustee's sound business judgment. Specifically, the assumption and assignment of the Leases is necessary to (i) sell the Chowder assets to the Buyer, (ii) limit the losses suffered by counterparties to the Leases, and (iii) maximize the recoveries to creditors of Chowder's estate.

        Q.     **Compliance with Bankruptcy Code sections 365(b) and (f).**  With respect to each of the Leases, the Trustee has met all requirements of section 365(b) of the Bankruptcy Code. In compliance with the requirements of sections 365(b) and 365(f) of the Bankruptcy Code, Buyer has provided to the Trustee's satisfaction adequate assurance of future performance under the Leases, to the extent that any such assurance is required and not waived by the counterparties to such Leases. Accordingly, the Leases may be assigned to Buyer as provided for in the Purchase Agreement and this Sale Order.

        R.     **Validity of the Transfer.**  As of the closing of the sale (the "Closing"), the transfer and assignment of the Leases to the Buyer will be a legal, valid, binding and effective transfer of the Leases, and will vest Buyer with all right, title, and interest of the Trustee and Chowder in and to the Leases, free and clear of all Liens.

        S.     **Power and Authority, Authorization and Consents**. Upon entry of this Sale Order, other than any consents identified in the Purchase Agreement, the Trustee does not need any consent or approval from any other party to consummate the sale transaction.

T.    __Title to Leases__.  The Leases constitute property of Chowder's estate, and good title thereto is vested in said Debtor's estate within the meaning of section 541(a) of the Bankruptcy Code.  Chowder is the sole and rightful owner of the Leases, and no other party has any ownership right, title, or interest therein.

U.    __Enforceability of Purchase Agreement__.  The Purchase Agreement is a valid and binding contract between the Trustee and Buyer and shall be enforceable subject to its conditions and pursuant to its terms.  From and after the Closing, the Purchase Agreement and the sale transaction, and the consummation thereof, shall be specifically enforceable against and binding upon (without posting any bond) the Debtors and any chapter 7 or successor trustee appointed in these chapter 11 cases, and shall not be subject to rejection or avoidance by the foregoing parties or any other party.

V.    __No Transferee Liability.__  Neither the sale, transfer, or other disposition of the Leases pursuant to the Purchase Agreement, or the entry into the Purchase Agreement, will subject Buyer to any liability for claims, obligations, or Liens asserted against Chowder or Chowder's interests in the Leases by reason of such transfer under any laws, including, without limitation, any bulk-transfer laws or any theory of successor or transferee liability, antitrust, environmental, product line, *de facto* merger, or substantial continuity or similar theories.  Buyer is not a successor to Chowder or its estate.

W.    __No *Sub Rosa* Plan__.  The sale transaction, the Purchase Agreement, and the other transactions contemplated thereby do not constitute a *sub rosa* chapter 11 plan, as they do not propose to (i) impair or restructure existing debt of, or equity interests in, the Debtors, or otherwise impermissibly restructure the rights of the Debtors' creditors in any manner, (ii) impair or circumvent voting rights with respect to any chapter 11 plan of the Debtors, (iii) circumvent

17-17245-aih    Doc 199    FILED 07/18/19    ENTERED 07/18/19 14:55:41    Page 10 of 21

chapter 11 safeguards, such as those set forth in sections 1125 and 1129 of the Bankruptcy Code, (iv) classify claims or equity interests or extend debt maturities, or (v) impermissibly dictate the terms of any chapter 11 plan of the Debtors.

X. **Waiver of Bankruptcy Rules 6004(h) and 6006(d)**.  The sale of the Leases must be approved and consummated promptly to avoid the incurrence of additional administrative expense claims.  Time, therefore, is of the essence in effectuating the Purchase Agreement and consummating the sale transactions.  Therefore, the Trustee and Buyer intend to close the sale transaction as soon as reasonably practicable.  The Trustee has demonstrated compelling circumstances and a good, sufficient, and sound business purpose and justification for the immediate approval and consummation of the sale transaction as contemplated by the Purchase Agreement.  There is no reason for delay.  Accordingly, there is sufficient cause to waive the fourteen (14) day stay provided in Bankruptcy Rules 6004(h) and 6006(d).

Y. **Legal and Factual Bases.**  The legal and factual bases set forth in the Sale Motion and at the Sale Hearing establish just cause for the relief granted herein.

**NOW, THEREFORE, IT IS ADJUDGED, DECREED, AND ORDERED** that the Sale Motion and the relief requested therein is granted and approved as set forth herein; and it is further

**ORDERED** that the ODNR Objection is hereby resolved as set forth herein and any objections to the Sale Motion, including, without limitation, to the Closing or the sale transactions have been resolved, withdrawn, or overruled; and it is further

**ORDERED** that the consideration to be provided by Buyer under the Purchase Agreement is fair and reasonable; and it is further

11

**ORDERED** that the Purchase Agreement and all transactions contemplated thereby or in connection therewith, and all of the terms and conditions thereof, are hereby approved in their entirety. The failure to include any particular provision of the Purchase Agreement specifically in this Sale Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Purchase Agreement be authorized and approved in its entirety. Likewise, all of the provisions of this Sale Order are nonseverable and mutually dependent; and it is further

**ORDERED** that, pursuant to sections 105, 363, and 365 of the Bankruptcy Code, the Trustee and, as may be necessary, Chowder and its respective managers, members, officers, employees, and agents, are authorized to execute, deliver, and perform their obligations under and comply with the terms of the Purchase Agreement and to consummate the sale transactions, including, without limitation, by taking any and all actions as may be necessary or desirable to implement the sale and each of the transactions contemplated thereby pursuant to and in accordance with the terms and conditions of the Purchase Agreement and this Sale Order; and it is further

**ORDERED** that the Trustee, and as may be necessary, Chowder and each of its respective managers, members, officers, employees, and agents, are authorized to execute and deliver, and to perform under, consummate, and implement all additional agreements, instruments and documents that may be reasonably necessary or desirable to implement the Purchase Agreement and to take all further actions as may be (i) reasonably requested by Buyer for the purpose of assigning, transferring, granting, conveying, and conferring to Buyer the Leases and all rights thereunder, (ii) reasonably necessary or appropriate to the performance of

12

the Trustee's or Chowder's obligations contemplated by the Purchase Agreement, all without further order of the Court; and it is further

**ORDERED** that all parties that are currently in possession of any or all documents related to the Leases are hereby directed to surrender possession of such documents to Buyer as of the Closing; and it is further

**ORDERED** that, subject to the Closing, pursuant to sections 105(a), 363(b), 363(f), and 365 of the Bankruptcy Code, the Trustee is authorized to transfer Leases in accordance with the terms of the Purchase Agreement. The Leases, shall be transferred and assigned to Buyer, and, upon the Closing, such transfer shall: (i) be valid, legal, binding, and effective; (ii) vest Buyer with all right, title, and interest of Chowder in the Leases; and (iii) be free and clear of all Liens in accordance with section 363(f) of the Bankruptcy Code or otherwise, with all Liens that represent interests in property to attach to the net proceeds of the sale transactions, in the same amount and order of their priority, with the same validity, force, and effect that they have against the Leases, and subject to any claims and defenses that the Trustee and/or Chowder may possess with respect thereto, in each case immediately before the Closing; and it is further

**ORDERED** that, following the Closing of the sale transactions, no holder of any Lien shall interfere with Buyer's title to or use and enjoyment of the Leases based on or related to any such Lien or based on any actions or inactions that the Trustee or Chowder may take or have taken in these chapter 11 cases, and all persons and entities holding any such Liens are hereby enjoined from asserting such Liens against the Buyer, its permitted successors or assigns, or the Leases, unless the Buyer has otherwise agreed; and it is further

**ORDERED** that the Buyer has given substantial consideration under the Purchase Agreement for the benefit of Chowder and its estate and creditors. The consideration given by

the Buyer shall constitute valid and valuable consideration for the releases of any potential Liens pursuant to this Sale Order, which releases shall be deemed to have been given in favor of the Buyer by all holders of Liens against Chowder or the Leases; and it is further

**ORDERED** that this Sale Order (i) shall be effective as a determination that, as of the Closing, the conveyances and transfers described herein have been effected, and (ii) is and shall be binding upon and govern the acts of all parties, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal and local officials, and all other parties who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease; and each of the foregoing persons and entities is hereby authorized and directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated herein. Notwithstanding the foregoing, the consummation of the sale transactions shall not be deemed a transfer under a plan, and therefore section 1146(a) of the Bankruptcy Code shall not apply to the sale or this Sale Order; and it is further

**ORDERED** that, upon the Closing, if any party that has filed financing statements, mortgages, mechanic's liens, *lis pendens*, or other documents or agreements evidencing Liens against Chowder or the Leases shall not have delivered to the Trustee prior to the Closing of the sale transactions, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, or releases of all interests that the party has with respect to Chowder or the Leases, such party is hereby directed to deliver to the Trustee and Buyer all such statements, instruments, and releases and, then: (i) the Buyer is hereby authorized to

14

execute and file such statements, instruments, or releases on behalf of the party with respect to the Leases; and (ii) Buyer is hereby authorized to file, register, or otherwise record a certified copy of this Sale Order, which, once filed, registered, or otherwise recorded, shall constitute conclusive evidence of the release of all Liens against the Leases. This Sale Order is deemed to be in recordable form sufficient to be placed in the filing or recording system of each and every federal, state, county or other local government agency, department, or office, and each and every federal, state, county or other local government agency, department, or office is hereby directed to accept any and all documents and instruments necessary or appropriate to give effect to the sale transactions; and it is further

**ORDERED** that, subject to and upon the Closing, the Trustee is hereby authorized in accordance with section 365 of the Bankruptcy Code and the procedures set forth in the Sale Motion, this Sale Order, and in the Purchase Agreement to assign the Leases to Buyer free and clear of all Liens, and to execute and deliver to Buyer such documents or other instruments as may be necessary to assign and transfer the Leases to Buyer as provided in the Purchase Agreement. Buyer shall be fully and irrevocably vested with all right, title, and interest of Chowder under and subject to the terms of the Leases assumed and assigned to it and, pursuant to section 365(k) of the Bankruptcy Code, the Trustee and Chowder shall be relieved from any further liability with respect to Leases; and it is further

**ORDERED** that, with respect to the Leases: (a) each Lease is an unexpired lease under section 365 of the Bankruptcy Code; (b) the Leases have been assumed in accordance with section 365 of the Bankruptcy Code, this Order and this Court's prior Order dated August 13, 2018; (c) the Trustee may assign each Lease in accordance with sections 363 and 365 of the Bankruptcy Code, and any provisions in any Lease (or state or local law or ordinances) that

15

prohibit or condition the assignment of such Lease or allow the party to such Lease to terminate, recapture, impose any penalty, condition renewal or extension, or modify any term or condition upon the assignment of such Lease, constitute unenforceable anti-assignment provisions which are void and of no force and effect; (d) all other requirements and conditions under sections 363 and 365 of the Bankruptcy Code for the assignment to the Buyer of each Lease in accordance with the Purchase Agreement have been satisfied; (e) the Leases shall be transferred and assigned to, and following the Closing remain in full force and effect for the benefit of, the Buyer in accordance with the Purchase Agreement, notwithstanding any state or local law or ordinances or any provision in any such Lease (including those of the type described in section 365(b)(2) and 365(f) of the Bankruptcy Code) that prohibits, restricts, or conditions such assignment or transfer and, pursuant to section 365(k) of the Bankruptcy Code, the Trustee and Chowder shall be relieved from any further liability with respect to the Leases after such assignment to and assumption by the Buyer in accordance with the Purchase Agreement; and (f) upon the Closing, in accordance with sections 363 and 365 of the Bankruptcy Code, the Buyer shall be fully and irrevocably vested in all right, title and interest of each Lease; and it is further

**ORDERED** that payment of cure costs, if any, in the amounts specified in the notices served upon the counterparties to the Leases, or as otherwise provided in an order of the Court, shall be in full satisfaction and cure of any and all defaults under the Leases, whether monetary or non-monetary.  Each non-Debtor party to a Lease is forever barred and estopped from asserting against the Trustee, Chowder or Buyer, their successors or assigns, or the property of any of them, any default existing as of the date of the Sale Hearing.  Except as expressly set forth herein, to the extent that a counterparty to a Lease failed to timely object to the cure costs proposed by the Trustee prior to the Sale Hearing, such cure costs have been and shall be deemed

16

to be fully determined, and any such counterparty shall be prohibited from challenging, objecting to, or denying the validity and finality of the cure costs and/or the assumption and assignment of the Lease at any time; and it is further

ORDERED that, upon the Trustee's assignment of the Leases to the Buyer, no default shall exist under any Leases, and no counterparty to any Leases shall be permitted to declare a default by the Trustee, Chowder or Buyer, or otherwise take action against Buyer, as a result of Chowder's financial condition, bankruptcy, or failure to perform any of obligations under the relevant Leases. Any provision in a Lease that prohibits or conditions the assignment of such Lease or allows the counterparty thereto to terminate, recapture, impose any penalty or condition on renewal or extension, or modify any term or condition upon such assignment, constitutes an unenforceable anti-assignment provision that is void and of no force and effect, but only in connection with the assignments authorized by this Sale Order. The failure of the Trustee, Chowder or the Buyer to enforce at any time one or more terms or conditions of any Lease shall not be a waiver of such terms or conditions, or of the Trustee's or Buyer's rights to enforce every term and condition of the Lease; and it is further

ORDERED that the Leases shall be transferred to, and remain in full force and effect for the benefit of Buyer, in accordance with their respective terms, including, without limitation, all obligations of Buyer as the assignee of the Leases from and after the date of the Closing, notwithstanding any provision in any such Leases (including, without limitation, those of the type described in sections 365(e)(1) and (f) of the Bankruptcy Code) that prohibits, restricts or conditions such assignment or transfer. There shall be no rent accelerations, escalations, assignment fees, increases, or other fees charged to Buyer, Chowder or the Trustee as a result of the assumption or assignment of the Leases; and it is further

17

**ORDERED** that the transactions contemplated by the Purchase Agreement are undertaken by the Buyer in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and, accordingly, the reversal, modification, amendment, or vacatur on appeal of the authorization provided herein of the Purchase Agreement shall not affect the validity and enforceability of the Purchase Agreement or the transactions contemplated thereby (including the assumption and assignment of the Leases) or the transfer of the Leases to Buyer free and clear of Liens, absent entry of a Court order imposing a stay before the Closing pending such appeal; and it is further

**ORDERED** that, for good cause and notwithstanding the provisions of Bankruptcy Rules 6004(h) and 6006(d) or any applicable rule provisions, this Sale Order shall not be stayed after the entry hereof, but shall be effective and enforceable immediately upon entry, and the fourteen (14) day stay provided in Bankruptcy Rules 6004(h) and 6006(d) is hereby expressly waived and shall not apply; and it is further

**ORDERED** that, for good cause, the provisions of Bankruptcy Rule 6006(f)(6) requiring a motion to assign multiple unexpired leases that are not between the same parties to be limited to no more than one hundred such unexpired leases is hereby expressly waived and shall not apply; and it is further

**ORDERED** that the terms and provisions of the Purchase Agreement and this Sale Order shall be binding in all respects upon, and shall inure to the benefit of, the Trustee, Chowder, its estate, and creditors (whether known or unknown), and the Buyer, and its respective affiliates, successors, and assigns, and any affected third parties, including, without limitation, all parties asserting Liens (collectively, the "Bound Parties"), notwithstanding any subsequent appointment of any trustee, examiner, or receiver under any chapter of the Bankruptcy Code or any other law,

and all such provisions and terms shall likewise be binding on such trustee, examiner, receiver, party, entity, or other fiduciary under any chapter of the Bankruptcy Code or any other law with respect to any of the Bound Parties, and all such terms shall likewise be binding on such trustee, examiner, receiver, party, entity, or other fiduciary, and shall not be subject to rejection or avoidance such parties.  The provisions of this Sale Order and the terms and provisions of the Purchase Agreement shall survive the entry of any order that may be entered confirming or consummating any chapter 11 plan or converting these chapter 11 cases to cases under chapter 7, and the terms and provisions of the Purchase Agreement, as well as the rights and interests granted pursuant to this Sale Order and the Purchase Agreement, shall continue in these or any superseding cases and shall be binding upon the Bound Parties and their respective successors and permitted assigns including, without limitation, any trustee, party, entity, or other fiduciary hereafter appointed as a legal representative of Chowder under chapter 7 or chapter 11 of the Bankruptcy Code; and it is further

**ORDERED** that nothing contained in any chapter 11 plan hereinafter confirmed in these chapter 11 cases or any order confirming such chapter 11 plan, or any other order of the Court, shall conflict with or derogate from the provisions of the Purchase Agreement or the terms of this Sale Order; and it is further

**ORDERED** that the Purchase Agreement and any related agreements, documents or other instruments, may be modified, amended, or supplemented by the parties thereto, in a writing signed by both parties, and in accordance with the terms thereof, without further order of the Court provided that any such modification, amendment, or supplement does not materially change the terms of the Purchase Agreement or any related agreements, documents, or other instruments; and it is further

19

**ORDERED** that the sale and assignment of the Leases, shall be "as is, where is" without any other representations or warranties of any kind, nature, or description by the Trustee or his agents except for representation and warranty that the Leases are being transferred free and clear of Liens; and it is further

**ORDERED** that nothing in this Order or in the Purchase Agreement: (i) releases, nullifies, precludes or enjoins the enforcement of any liability to a governmental unit under police and regulatory statutes or regulations (including but not limited to environmental laws or regulations), or any associated liabilities for penalties, damages, cost recovery, or injunctive relief that the Debtors may be subject to or any entity would be subject to as the owner, lessor, lessee, controller or operator of the Leases or Debtors' Assets to the extent such liability accrues or arises after the date of Closing; or (ii) should be construed to give Buyer any more protection against any government unit than it is otherwise entitled under Section 363(f) of the Bankruptcy Code; nothing in this paragraph should be construed to create for any governmental unit any substantive right that does not already exist under law; nothing contained in this Order or the Purchase Agreement shall in any way diminish the obligation of any entity, including the Debtors and/or Buyer, to comply with environmental laws from and after the date of Closing; nothing in this Order or the Purchase Agreement authorizes the transfer to Buyer of any licenses, permits, registrations, or governmental authorizations and approvals without Buyer's compliance with all applicable legal requirements under nonbankruptcy law governing such transfers; and it is further

**ORDERED** that the Court retains jurisdiction to enforce, modify and interpret this Order as necessary and appropriate.

**IT IS SO ORDERED.**

17-17245-aih    Doc 199    FILED 07/18/19    ENTERED 07/18/19 14:55:41    Page 20 of 21

### ###

**Prepared and Submitted by:**

*/s/ Jeremy M. Campana*
Jeremy M. Campana (0074541)
**THOMPSON HINE LLP**
3900 Key Center
127 Public Square
Phone: 216.566.5936
Facsimile: 216.566.5800
Jeremy.Campana@ThompsonHine.com

*Counsel for Trustee Anthony J. DeGirolamo,*
*Chapter 11 Trustee*

**Reviewed and Approved**:

*/s/ Randolph L. Snow*
Randolph L. Snow (0015846)
**BLACK McCUSKEY SOUERS &**
**ARBAUGH, LPA**
220 Market Ave. S, Suite 1000
Canton, OH 44702
Phone. 330.456.8341
Facsimile: 330.456.5756
rsnow@bmsa.com

*Counsel for The Blair Group*

17-17245-aih    Doc 199    FILED 07/18/19    ENTERED 07/18/19 14:55:41    Page 21 of 21